UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY, AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS,<br><br>                                        Plaintiffs,<br><br>                      -against-<br><br>SAFECO CONSTRUCTION CORP.,<br><br>                                        Defendant. | 17 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185.

3.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4.     Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity, and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5.     Upon information and belief, defendant Safeco Construction Corp. ("Safeco") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 40 Englewood Avenue, Staten Island, New York 10309, engaged in the construction business.

## FACTS

**The Collective Bargaining Agreement**

6.     At relevant times herein, Safeco was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

7.     The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §142.

8.     The CBA requires Safeco to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

-3-

9. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of 10%.

10. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the contributions due and owing, Safeco is obligated to pay to the Funds its attorneys' fees.

11. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein" ("Trust Agreements").

12. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

13. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Safeco is bound to the terms of the Collection Policy.

14. Article II of the Collection Policy provides that if Safeco fails to make contributions when due, Safeco is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of 10% and liquidated damages of 20% of the amount of the unpaid contributions.

15. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such

contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**Delinquent Contributions**

16. The CBA requires Safeco, *inter alia*, to report to the Funds the number of hours of Covered Work performed by each employee.

17. Per monthly remittance reports submitted by Safeco to the Funds, Safeco owes contributions to the Funds for Covered Work performed by its employee from April through June 2017 in the amount of $50,112.18 and union assessments in the amount of $2,595.48.

18. Safeco owes interest on the late payment of contributions for May 2016 through January 2017 in the amount of $4,299.51.

19. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 ERISA, 29 U.S.C. §1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Safeco is liable to the Funds for contributions in connection with all Covered Work performed by its employees from April through June 2017 in the amount of $50,112.18 and union assessments in the amount of $2,595.48, interest on the unpaid contributions at an annual rate of ten percent (10%), interest on the late payment of contributions for May 2016 through January 2017 in the amount of $4,299.51, liquidated damages of twenty percent (20%) of the principal amount of the delinquency, and all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs in prosecuting this suit.

## FIRST CLAIM FOR RELIEF AGAINST SAFECO
*Unpaid Contributions Under 29 U.S.C. § 1145*

20. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

21. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

22. The CBA requires that Safeco make contributions to Plaintiffs for all Covered Work it performed.

23. Safeco failed to remit contributions for Covered Work performed from April through June 2017 in the amount of $50,112.18 and union assessments in the amount of $2,595.48.

24. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502 (g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Safeco is liable to Plaintiffs for: (1) delinquent contributions for April through June 2017 in the amount of $50,112.18 and union assessments in the amount of $2,595.48; (2) interest on the delinquent contributions at an annual rate of 10%; (3) liquidated damages in the amount of 20% of the delinquent contributions adjudged to be due and owing; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

## **SECOND CLAIM FOR RELIEF AGAINST SAFECO**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

25. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

27. Safeco violated the terms of the CBA when it failed to timely remit contributions due and owing for Covered Work it performed from May 2016 through June 2017.

28. As a result of Safeco's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, plaintiffs respectfully request that this Court:

(1) Award judgment in favor of Plaintiffs and against Safeco for its failure to timely pay Plaintiffs all contributions owed for May 2016 through June 2017 as required by the CBA;

(2) Order Safeco to pay Plaintiffs delinquent contributions for January through May 2017 in the amount of approximately $50,112.18 and union assessments in the amount of $2,595.48, interest on the delinquent contributions at an annual rate of 10%, interest on the late payment of contributions for May 2016 through January 2017 in the amount of $4,299.51, liquidated damages in the amount of 20% of the delinquent contributions adjudged to be due and owing, attorneys' fees, and collection costs incurred by Plaintiffs; and

(3) Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 4, 2017

VIRGINIA & AMBINDER, LLP

By: ___/s/_____
Charles Virginia
Nicole Marimon
Claire Vinyard
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*